UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL WESCOTT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 1:21-cv-00072-LEW |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR BIFURCATION
AND MOTION FOR JUDICIAL NOTICE**

This case stems from abuse Michael Wescott allegedly suffered while periodically detained at the Maine Youth Center—the juvenile detention center in South Portland now known as the Long Creek Youth Development Center—between 1995 and 2001. He brings federal and state civil rights claims against the Maine Department of Corrections and several of its current or former officials and employees (collectively, the "Department"). *See* Second Amended Complaint (SAC) (ECF No. 76). The Department contends that Wescott waited too long to bring his claims and moves to split this matter into two phases: the first on whether Wescott's claims are time barred, and the second, if necessary, on the merits. *See* Motion to Amend Scheduling Order ("Motion for Bifurcation") (ECF No. 91). It also moves for judicial notice of certain documents that it provides in support of its request. *See* Motion for Judicial Notice (ECF No. 98). For the reasons that follow, I grant the motion for judicial notice but deny the motion for bifurcation.

1

## I. Background

Wescott initiated this matter in March 2021, approximately twenty years after he was last released from the Maine Youth Center. *See* Complaint (ECF No. 1) ¶¶ 1-2. The Department moved to dismiss Wescott's claims on the basis that they were barred by Maine's residual six-year statute of limitations. *See* Motion to Dismiss (ECF No. 21); 14 M.R.S.A. § 752 (Westlaw). In opposing the motion to dismiss, Wescott argued that the limitation period was tolled due to his mental illness, *see* 14 M.R.S.A. § 853 (Westlaw), and that some of his claims would remain actionable even without tolling because of his allegations of being sexually abused as a minor while at Maine Youth Center, *see* 14 M.R.S.A. § 752-C (Westlaw). *See* Opposition to Motion to Dismiss (ECF No. 30).

The Court ultimately denied the motion to dismiss, concluding, based on Wescott's allegations, that it was not clear that he "was not disabled by a mental illness" such that the statute of limitations had been tolled. Order on Motion to Dismiss (ECF No. 59) at 4-5; *see Bowden v. Grindle*, 675 A.2d 968, 971 (Me. 1996) (holding that a plaintiff is mentally ill under Maine's tolling statute if he experiences "an overall inability to function in society that prevents [him] from protecting [his] legal rights" (emphasis omitted)). The Court noted, however, that there was "much in the current record to suggest that a preliminary proceeding to sort out the statute of limitations defense would be appropriate," including the high bar for tolling, the sheer number of defendants, and the expansive nature of Wescott's claims. Order on Motion to Dismiss at 8. Nevertheless, the Court declined "to make a ruling about the

future course of proceeding on the" parties' motion to dismiss briefing, noting that the Department had failed to discuss "the sort of factors that might guide a decision whether to order preliminary proceedings" and that Wescott had similarly given "short shrift to the issue." *Id.* at 9. The Court explained that the Department could "request modification of the scheduling order on proper motion," *id.*, which prompted the Department to file the instant motion for bifurcation.

## II. Legal Standard

A "court may order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "The decision to separate parties or claims is a case management determination peculiarly within the discretion of the trial court," *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003) (cleaned up), and the requesting party has the burden of proving that separation is warranted, *Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 8 (D. Me. 2004). In weighing the propriety of separation, a court must consider

> (1) whether a separation of the issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings.

*Id.* at 7-8.

3

### III. Discussion

In its motion, the Department requests a preliminary "120-day discovery phase" focused on Wescott's mental capacity and entitlement to tolling followed by "cross-motions for summary judgment." Motion for Bifurcation at 1. The Department anticipates the following possible outcomes from this initial proceeding:

> If [the Department] obtain[s] summary judgment on statute of limitations grounds, the entire case would end. If [Wescott] obtains summary judgment on the issue of statute of limitations, the case would then proceed on the merits of his claims and [the Department's] other defenses. If the Court concludes that material factual disputes prevent summary judgment on the statute of limitations, then the Court would hold a jury trial on the issue. If the jury finds that [Wescott] met the mental disability definition of Maine's tolling statute, the case would proceed on the merits of his claims and [the Department's] remaining defenses. If not, then the case would end.

*Id.* at 2. The Department argues that this bifurcated process would be more efficient and would result in less prejudice to the twenty-one Defendants. *See id.* at 1-3.

### A. Motion for Judicial Notice

Before turning to the Department's arguments on the merits of bifurcation, I must address its separate motion asking me to take judicial notice of state court documents that, according to the Department, cast doubt on Wescott's assertion that he could not have brought this action sooner than he did. Reply in Support of Motion for Bifurcation ("Reply") (ECF No. 97) at 4 & n.3. Specifically, the Department asks me to take judicial notice of the docket record from Maine District Court case number PORDC-FM-2009-00001, which is family matter involving Wescott, and a letter that Wescott filed in that matter in November 2016. *See* Motion for Judicial Notice; Docket Record (ECF No. 98-1); Letter (ECF No. 98-2). The Department argues that

4

these two documents show that Wescott "pursued equal custody of his minor" child and that he is, therefore, unlikely to be entitled to tolling because he has demonstrated an ability "to protect his legal rights over the last twenty years." Reply at 4.

Wescott opposes the Department's request to take judicial notice of these documents as evidence that he was not disabled within the meaning of Maine's tolling statute, *see* Opposition to Motion for Judicial Notice (ECF No. 101), citing *Almont Ambulatory Surgery Center, LLC v. United Health Group, Inc.*, 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015), for the proposition that although a court "may take judicial notice of the existence of certain matters of public record" it "may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." (Cleaned up.)

The Department replies that it is not "asking the Court to find the statements" in the state court documents "to be facts" but rather is advancing the records as "judicially-noticeable evidence" that supports its request for bifurcation. Reply in Support of Motion for Judicial Notice (ECF No. 102) at 2.  It also argues that *Almont* supports taking "judicial notice of the existence of . . . documents and the specific statements and/or allegations contained within the documents." *Id.*

I agree with Wescott that to the extent the Department is asking me to take judicial notice of its interpretation of the state court documents, such a request is improper.  However, I can see no prejudice to Wescott in taking judicial notice of *the existence* of the state court documents along with the statements contained in those

5

documents. Indeed, the existence of the documents shows that the Department can point to evidence that a factfinder *might* find undermines Wescott's claims of mental disability. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

Accordingly, I will take judicial notice of the existence of the two state court documents and the statements contained therein. I emphasize, however, that I am not using these documents to determine any disputed factual issues or making a determination as to the truth of any of the statements in the documents. The same caveat applies to my consideration of the other evidence that the Department proffers regarding Wescott's mental functioning: I acknowledge its existence but decline to use it to predict the ultimate resolution of the tolling issue.

### B. Efficiency

The Department argues that Wescott's entitlement to tolling is best resolved by a preliminary proceeding because the issue could "very well dispose of the entire case" at an early stage and has little factual overlap with the underlying merits of his claims. Motion for Bifurcation at 5, 8-9. It contends that its proposed bifurcated approach is the most efficient way to resolve the "fairly straightforward" and potentially dispositive tolling issue before reaching the far more complex merits. *Id.* at 9 (cleaned up).

Wescott opposes the Department's proposal and argues that it has not met its burden of demonstrating the necessity of separating the tolling issue from the

merits.[1]  *See* Opposition to Motion for Bifurcation ("Opposition") (ECF No. 96).  He contends that even if he is not entitled to tolling, some of his state claims would survive because they are based on allegations of sexual abuse of a minor and Maine has no limitation period for bringing such claims.  *See id.* at 8-9.  He also argues that separation would result in needless duplication because much of the evidence necessary to establish his entitlement to tolling would also be required to prove the substantive elements of his claims.  *See id.* at 5-6.

In its reply, the Department maintains that a verdict in its favor on the tolling issue would be case ending.  *See* Reply at 1-4.  It argues that Wescott only brings a claim for sexual assault under 42 U.S.C. § 1983, which is subject to Maine's residual six-year statute of limitations regardless of other more specialized statutes of limitation.  *See id.* at 2*; Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that federal courts should apply a state's "general or residual statute" of limitations for personal injury actions to section 1983 claims "where state law provides multiple statutes of limitations").

After considering the parties' arguments regarding efficiency, I conclude that bifurcated proceedings would not expedite resolution of this matter or otherwise conserve judicial resources because a preliminary proceeding on tolling could not be

---

[1] The Department points out that Wescott's opposition to its motion for bifurcation exceeds Local Rule 7(d)'s ten-page limit and asks me to disregard any material after the tenth page.  *See* Reply at 1 n.1.  Given the complicated issues raised by the Department's motion and the relatively few pages by which Wescott exceeded the page limit, I *sua sponte* grant Wescott retroactive leave to exceed the page limit.  In the future, I expect Wescott (and his counsel) to seek leave before exceeding the page limits provided by the local rules.

dispositive of the entire case and there is significant factual overlap between the tolling issue and the merits of Wescott's claims.

Wescott brings claims under the Maine Civil Rights Act (MCRA) based, in part, on allegations that he was "sexually assaulted" and "often unnecessarily and inappropriately strip-search[ed]" while at the Maine Youth Center. SAC ¶¶ 254, 260. 14 M.R.S.A. § 752-C provides that "[a]ctions based upon sexual acts toward minors may be commenced at any time." *See also Angell v. Hallee*, 2012 ME 10, ¶ 6, 36 A.3d 922 (explaining that "there is no limitation on actions based on sexual acts toward minors" under section 752-C). Contrary to the Department's argument, it does not matter that Wescott does not explicitly label his MCRA claims as sexual assault claims because section 752-C "does not create a cause of action, but rather establishes a rule of general applicability that applies *whenever an action's factual basis involves a sexual act toward a minor*." *Keene v. Me. Dep't of Corr.*, No. 1:17-cv-00403-JDL, 2018 WL 1737940, at *3 (D. Me. Apr. 11, 2018) (emphasis added). Thus, even if Wescott is not ultimately entitled to tolling and all his federal claims and some of his state claims are dismissed as untimely, his claims based on alleged sexual acts toward a minor would survive. *See id.* (noting in a similar case that preliminary proceedings on the issue of tolling "could not be decisive, because even in the event of a verdict in the Department's favor, the claims based on alleged conduct involving sexual acts toward a minor would still proceed to a liabilities and damages trial").

Perhaps recognizing this, the Department switches tack and argues that Wescott should be estopped from asserting "for the first time" in his opposition that section 752-C applies to his MCRA claims stemming from the alleged sexual abuse he suffered at the Maine Youth Center.[2] Reply at 3. It argues that Wescott agreed in his opposition to its motion to dismiss that the six-year statute of limitations applied to all of his claims. *See id.* Notwithstanding an out-of-context quote, the Department fails to demonstrate that Wescott has ever taken a contrary position as to the applicability of section 752-C to some of his claims. *See SEC v. Happ*, 392 F.3d 12, 20 (1st Cir. 2004) (holding that a proponent of judicial estoppel must "show that the party to be estopped succeeded previously with a position directly inconsistent with the one it currently espouses" (cleaned up)); Opposition to Motion to Dismiss at 2 ("[Wescott's] allegations that Defendants violated the Maine Civil Rights Act by sexually abusing him are indefinitely tolled by 14 M.R.S. § 752-C."). Accordingly, Wescott is not estopped from raising this point.[3]

The Department also asserts that even if some of Wescott's MCRA claims survive its proposed initial proceeding, this Court would decline to retain

---

[2] The Department additionally cites the dissenting opinion in *Saunders v. Tisher*, 2006 ME 94, ¶ 31, 902 A.2d 830 (Alexander, J., dissenting), for the proposition that MCRA actions are subject to Maine's residual six-year statute of limitations notwithstanding section 752-C. *See* Reply at 3-4. The dissent in *Saunders*, however, does not address section 752-C, and, in any event, the majority opinion in that case supports the applicability of other overriding statutes of limitation to MCRA actions. Indeed, the *Saunders* majority held that a plaintiff's MCRA claims against a psychiatrist were subject to a shorter statute of limitations under the Maine Health Security Act given the latter act's "very broadly worded and all-encompassing" applicability to "actions taken in connection with the provision of health care." *Id.* ¶¶ 9-16. Section 752-C similarly applies very broadly to "*all* actions based upon sexual acts toward minors." (Emphasis added.)

[3] The Department similarly argues that Wescott should be foreclosed from arguing that the date of accrual for his federal claims still needs to be determined. *See* Reply at 5-7. I see no need to weigh in on this dispute in deciding whether to grant the Department's motion for bifurcation.

9

supplemental jurisdiction over those claims if it dismisses all of Wescott's federal claims as untimely—i.e., that resolution of the tolling issue could still end the matter in this Court.  Reply at 3.  It notes that, generally, "the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."  *Id.* (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995)).  The flaw in this argument is that under the Department's proposed preliminary proceeding, the potential dismissal of Wescott's federal claims would happen only after discovery, summary judgment, and, perhaps, a trial on the issue of tolling.  After investing so much time and effort in the case, I am doubtful that the Court would be inclined to jettison the remaining state claims.  *Cf. Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287-88 (6th Cir. 1992) (holding that "the interests of judicial economy and fairness both favored" a court's retention of jurisdiction over a plaintiff's state law claims when the plaintiff's federal claim was eliminated only after the case had been on the "court's docket for almost two years," the parties had "completed discovery and compiled a voluminous record," and a motion for summary judgment had become ripe for decision).

      This is especially so when many of the facts relevant to the tolling issue will also be relevant to the merits of Wescott's claims.  Although the Department argues that the focus of the preliminary proceeding on tolling would be on Wescott's more recent ability to function rather than the older and broader allegations underlying his substantive claims, it acknowledges that Wescott's ability to function "would also

be relevant to his alleged damages." Motion for Bifurcation at 8-9. And it does not meaningfully contest Wescott's assertion that he will need to "present evidence on the events that triggered and/or aggravated his mental health conditions" when litigating the tolling issue, including the alleged "trauma, abuse, and neglect he suffered" while at the Maine Youth Center. Opposition at 6; Reply at 7.

Given this significant factual overlap, the Department has not demonstrated that the tolling issue and the merits can be separated without causing significant inefficiency. *See Keene*, 2018 WL 1737940, at *3 ("[T]he facts concerning the tolling are inextricably intertwined with the facts concerning the Department's liability and the [plaintiff's] damages. Accordingly, separate trials would be unnecessarily repetitive and an ineffective use of the parties' and the Court's resources."); *Thorndike*, 220 F.R.D. at 8 (denying a motion for bifurcation where separation would result in "potential confusion of the issues, repetition of testimony, and increased expense and inefficiency"); 9A Arthur R. Miller, *Federal Practice & Procedure* § 2388, Westlaw (database updated Apr. 2022) ("If . . . the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues in the cases . . . it is likely that a separate trial on that issue will be denied by the district judge . . . .").

### C. Prejudice

In addition to its arguments regarding efficiency, the Department also contends that bifurcated proceedings are necessary to "protect the twenty-one Defendants from extreme prejudice and hardship." Motion for Bifurcation at 2.

11

Specifically, it notes that forcing it "to proceed on both the merits and statute of limitations simultaneously would deprive" it "of the repose the statute of limitations is designed to provide," and argues that it should be given "the opportunity to litigate the clear" tolling issue before being forced to confront Wescott's stale allegations, particularly when "at least four relevant witnesses have died, many records are no longer available, and the case is a significant stressor and hardship for multiple Defendants." *Id.* at 3.

I am not unsympathetic to the difficulties that the Department faces in defending against allegations from more than twenty years ago and understand that this case represents a significant stressor for some defendants who have grown elderly, moved away, and/or are in poor health. *See* ECF Nos. 91-1 to 91-3, 91-5, 91-6. Nevertheless, given that a preliminary proceeding on tolling could not be dispositive of the entire case and would still require delving into Wescott's time at the Maine Youth Center, I fail to see how bifurcation would ease these burdens in any meaningful way.

The Department further contends that trying the tolling issue and the merits together would force it to contradictorily argue to a jury that Wescott "was aware of his injuries long ago and should have brought his claim sooner but also that he has no injuries and that nothing happened that would even give rise to a claim." Motion for Bifurcation at 8. It also argues that a jury might "be inclined to disregard the law on the statute of limitations" given the nature of some of Wescott's claims. *Id.*

12

I am not persuaded that this theoretical prejudice at trial justifies granting the Department's request for entirely bifurcated proceedings at this early stage of the case, particularly when bifurcation would be so inefficient. If this case ultimately proceeds to trial, the Department may file a renewed motion for separate trials after the completion of discovery and any summary judgment practice, when the parties and the Court will have a more fulsome understanding of this case and will be in a better position to weigh any possible prejudice that might result from trying the tolling issue and the merits to the same jury against the inefficiency of conducting two trials. *See, e.g., Harper v. Pilot Travel Ctrs., LLC*, No. 2:11-cv-759, 2012 WL 395122, at *6 (S.D. Ohio Feb. 7, 2012) (denying without prejudice a motion for separate trials filed early in a case because the court was "not yet in a position to be able to say whether the prejudice [would be] so substantial as to outweigh the judicial efficiency of a single trial").[4]

## IV. Conclusion

For the foregoing reasons, the motion for judicial notice (ECF No. 98) is **GRANTED** and motion for bifurcation (ECF No. 91) is **DENIED** without prejudice to the Department filing a renewed motion for separate trials when and if this case proceeds to trial.

---

[4] In both of the cases that the Department cites in this context, *see* Motion for Bifurcation at 8, the motion for separate trials was granted *after* summary judgment, *see McBroom v. Ethicon, Inc.*, No. CV-20-02127-PHX-DGC, 2021 WL 2661463, at *1 (D. Ariz. June 29, 2021); *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1128-29 (E.D. Cal. 2020).

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: September 12, 2022

/s/ Karen Frink Wolf<br>
United States Magistrate Judge