UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL WESCOTT, )<br>)<br>        Plaintiff )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>        Defendants ) | 1:21-CV-00072-LEW |

## ORDER OVERRULING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S RULING

The matter is before the Court on the Maine Department of Corrections Defendants' objection to an order of the Magistrate Judge. MDOC Defs.' Obj. (ECF No. 104). Defendants seek further review concerning the proper application of 14 M.R.S. § 752-C to claims arising under the Maine Civil Rights Act when such claims are based upon sexual acts toward minors. More specifically, Defendants argue that the Magistrate Judge's order should be rejected because it "extends the statute of limitations indefinitely for Plaintiff's Maine Civil Rights Act claims." *Id.* at 1.

### BACKGROUND

On September 14, 2022, United States Magistrate Judge Karen Frink Wolf filed her Order on Motion for Bifurcation and Motion for Judicial Notice ("Order," ECF No. 103). In the Order, the Magistrate Judge denied Defendants' request for bifurcation. Through their request, the Defendants sought to address certain statute of limitation issues on a preliminary basis, effectively delaying merits-related discovery and trial pending

preliminary proceedings devoted exclusively to limitation-related discovery, summary judgment, and trial.[1] The Magistrate Judge based her ruling on her legal determination that 14 M.R.S. § 752-C sets aside the otherwise applicable statute of limitations for Plaintiff's claims under the Maine Civil Rights Act to the extent the claims are based upon alleged sexual acts toward minors.

## DISCUSSION

Following the referral of a nondispositive pretrial matter to a magistrate judge for ruling, the district court judge may set aside the resulting ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72. Generally speaking, a magistrate judge's factual findings are reviewed for clear error and rulings on issues of law are subject to de novo review. 28 U.S.C. § 636(b)(1)(A); *see also In re HIPAA Subpoena*, 961 F.3d 59, 64 (1st Cir. 2020); *Morgan v. Ocean Warrior Fisheries, LLC*, 537 F. Supp. 3d 30, 33 (D. Me. 2021). Factors associated with the evaluation of discretion-heavy matters, such as a request for bifurcation under Federal Rule of Civil Procedure 42(b), are generally reviewed against an "abuse of discretion" standard. *Morgan*, 537 F. Supp. 3d at 33.

When it comes to issues of state law for which there is no binding precedent issued by the state's highest court, federal courts must predict how the state's highest court would rule if presented with the issue. Federal courts perform that predictive analysis by relying

---

[1] Defendants contend the litigation should focus exclusively on Plaintiff's ability to demonstrate application of Maine's disability exception to otherwise applicable limitation periods, 14 M.R.S. § 853. But to the extent his claims are based on sexual acts Plaintiff relies on 14 M.R.S. § 752-C to remove the limitation period for purposes of his state law claims under the Maine Civil Rights Act.

on the same legal resources that the state's highest court would rely on. *In re Montreal, Maine & Atl. Ry.*, *Ltd.*, 888 F.3d 1, 7 (1st Cir. 2018). In her order, the Magistrate Judge predicted, in effect, that the Maine Supreme Judicial Court (commonly called the "Law Court") would hold that the Maine Legislature's removal of the limitation period for "all actions based upon sexual acts toward minors regardless of the date of the sexual act and regardless of whether the statute of limitations on such actions expired prior to the effective date of this subsection," 14 M.R.S. § 752-C(3), applies to statutory claims brought pursuant to the Maine Civil Rights Act. Order at 8. In a simpatico unreported decision, Chief Judge Levy arrived at the same conclusion based, primarily, on a plain-language reading of section 752-C, but also based on a comparative analysis of legislative wordsmithing and Law Court precedent congruently addressing an analogous concern. *Keene v. Maine Dep't of Corr.*, No. 1:17-cv- 403-JDL, 2018 WL 1737940, at *3 (D. Me. Apr. 11, 2018) (citing, inter alia, *Angell v. Hallee*, 2012 ME 10, ¶ 6, 36 A.3d 922, 924).

I concur. I simply fail to see how the Law Court would hold otherwise given the clear and direct manner in which the Legislature spoke. The Legislature's use of the words "all" and "regardless" are emphatic indicators of the Legislature's intent to override otherwise applicable statutes of limitations that might bar a claim based on sexual acts toward minors, as the Magistrate Judge explained in her order. *See* Order at 9 n.2 (discussing *Saunders v. Tisher*, 2006 ME 94, ¶¶ 12, 902 A.2d 830, 833). Furthermore, I am not persuaded by Defendants' argument that the Law Court would disregard section 752-C when it comes to the Maine Civil Rights Act simply to ensure that Maine and federal civil rights claims are subject to the same statute of limitations. MDOC Defendants'

3

Objection at 5-6.  Although the Law Court has expressed its inclination to look to federal court civil rights precedent when it comes to shaping Maine's substantive civil rights law, that is because federal courts address civil rights controversies much more regularly than the Law Court and the Maine Civil Rights Act is patterned after the federal civil rights statute, 42 U.S.C. § 1983.  *See Doe I v. Williams*, 2013 ME 24, ¶ 72, 61 A.3d 718, 739.  But when it comes to prescribing an appropriate repose period for a civil rights claim, federal courts are called upon to fashion common law because Congress did not supply a statute of limitations.  *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989); *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).  In comparison, when it comes to an action arising under the Maine Civil Rights Act the Law Court does not have to fashion any common law; it simply applies the statutory law prescribed by the Maine Legislature.  Here, that statutory law makes it plain that there is no limitation period for a subset of Plaintiff's claims in this litigation.

This does not mean that Plaintiff is relieved of the burden to demonstrate a period of disability to preserve his claims against certain defendants.  However, it does undermine Defendants' contention that a win based on its statute of limitation defense would dispose of the "entire" or "whole" case or action.  Motion to Amend Scheduling Order at 2, 5, 6; MDOC Defs.' Objection at 9.  Given this predicament, I agree with the Magistrate Judge that the "bifurcated proceedings [proposed by Defendants] would not expedite resolution of this matter or otherwise conserve judicial resources because a preliminary proceeding on tolling could not be dispositive of the entire case." Order at 7-8.  While this ruling may be frustrating for certain defendants who are not implicated in a claim involving sexual

4

acts, the distinctions among the defendants should be ironed out at the summary judgment stage, and following resolution of one or more summary judgment motions, counsel and the Court will be in a better position to assess the best approach to any trial concerns that may remain.

## CONCLUSION

Defendants' objection (ECF No. 104) to the Magistrate Judge's Order on Motion for Bifurcation and Motion for Judicial Notice (ECF No. 103) is **OVERRULED**. The Defendants' Motion to Amend Scheduling Order (ECF No. 91) is **DENIED** without prejudice, over Defendants' objection. In addition, the Defendants' Request for Judicial Notice (ECF No. 98) is **GRANTED** in the absence an objection to the Magistrate Judge's ruling.

**SO ORDERED.**

Dated this 20th day of December, 2022.

                                       /s/ Lance E. Walker
                                   UNITED STATES DISTRICT JUDGE