UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL WESCOTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00072-LEW |
| | ) | |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO CERTIFY QUESTION AND**
**REQUEST FOR JUDICIAL NOTICE**

Defendants move the Court to certify to the Supreme Judicial Court of Maine the question ruled on in the Court's December 20, 2022 Order (ECF No. 106): whether the Maine Supreme Judicial Court would hold that the Maine Legislature's removal of the limitation period for "all actions based upon sexual acts toward minors regardless of the date of the sexual act and regardless of whether the statute of limitations on such actions expired prior to the effective date of this subsection," 14 M.R.S. § 752-C(3), applies to claims brought pursuant to the Maine Civil Rights Act.[1]

Rule 25 of the Maine Rules of Appellate Procedure provides that when a federal court is involved in a proceeding in which one or more questions of Maine law "may be

---

[1] Defendants also ask that I certify the question whether Chief Judge Levy "was correct in applying" 14 M.R.S. § 752-C(3) to the Maine Tort Claims Act claims in *Keene v. Maine Department of Corrections*, No. 1:17-cv-00403-JDL, 2018 WL 1737940 (D. Me. Apr. 11, 2018), evidently because I cited *Keene* in the December Order. That aspect of Defendants' request is summarily denied without further discussion.

determinative of the cause" and "there is no clear controlling precedent in the decisions of the Supreme Judicial Court," the court "may, upon its own motion or upon request of any interested party, certify such questions of law of this State to the Supreme Judicial Court sitting as the Law Court, for instructions concerning such questions of state law." Me. R. App. P. 25(a). *See also* 4 M.R.S. § 57 (prescribing jurisdiction of the Maine Supreme Judicial Court when sitting as the Law Court). However, the absence of controlling precedent is not always cause to certify a legal question if state law is sufficiently clear to discern the answer to the question presented. *Hosp. San Antonio, Inc. v. Oquendo-Lorenzo*, 47 F.4th 1, 6 (1st Cir. 2022).

Although I appreciate that it would be convenient for Defendants if this Court's ruling on the state law question were otherwise, for reasons already indicated, the answer to the proposed question is sufficiently clear. To the extent Defendants rely on the existence of a dissenting opinion joined by two justices in *Saunders v. Tisher*, 902 A.2d 830 (Me. 2006), a Law Court precedent with some bearing on the December inquiry, the point the dissenting justices made in *Saunders*—that the factual allegations did not involve a provider-patient relationship and, therefore, fell outside the scope of the Maine Health Security Act's special-purpose statute of limitation—was rooted in the facts alleged in that case. *Id.* at 837-38 (Alexander, J. and Calkins, J., dissenting). No justice could similarly maintain in this case that the factual allegations do not <u>in part</u> concern "sexual acts toward minors," which is the operative inquiry for present purposes. 14 M.R.S. § 752-C (2021). To the extent a defendant is swept up in a claim concerning alleged sexual acts toward

Plaintiff when he was a minor, § 752-C overrides the otherwise and previously applicable statute of limitation according to its plain language.  *See id.* § 752-C(3).

Finally, I have reviewed Defendants' request (ECF No. 115) that the Court take judicial notice of Justice McKeon's decision to report an issue of state law to the Law Court involving the due process implications of retroactively negating a statute of limitations. *Dupuis v. The Roman Catholic Bishop of Portland*, No. BCD-CIV-2022-00044 (Me. Super. Apr. 7, 2023).  The Court anticipates the Law Court's answer.

## CONCLUSION

The Motion to Certify (ECF No. 108) is **DENIED**.  The request for judicial notice (ECF No. 115) is **GRANTED**.

**SO ORDERED.**

Dated this 25th day of April, 2023.

                                                     /s/ Lance E. Walker
                                               UNITED STATES DISTRICT JUDGE